# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:19CR00011-003 |
| v.                              ) | **OPINION** |
| ) | |
| **VERONICA MARTINEZ,**           ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant.                      ) | |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Veronica Martinez, Defendant Pro Se.*

The defendant, Veronica Martinez, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss. Martinez did not respond to the motion to dismiss by the deadline to do so. Because her § 2255 motion is untimely, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty pursuant to a plea agreement, Martinez was sentenced by this court on January 31, 2020, to a total term of 60 months imprisonment, consisting of 60 months each on Counts One and Three, to run concurrently. Count One charged Martinez with conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; and Count Three charged her with distributing and

possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

There is a one-year statute of limitations under § 2255, which typically runs from the date on which the defendant's judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The judgment in a criminal case becomes final when the time for filing an appeal passes. *Clay v. United States*, 537 U.S. 522, 532 (2003). The statute of limitations can be extended if (1) if the government prevents a defendant from filing a motion; (2) if the Supreme Court articulates a "newly recognized" right, which is made retroactively applicable to cases on collateral review; or (3) if new facts emerge that support a claim which is asserted within one year of the date the facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)–(4).

Martinez' conviction became final on February 14, 2020, 14 days after the date the court entered judgment, because she failed to note an appeal within that time period. *See* Fed. R. App. P. 4(b)(1)(A) (allowing 14 days to file notice of appeal). Her deadline for filing a § 2255 motion was therefore February 14, 2021. Martinez dated her § 2255 motion February 23, 2021, and her facility processed it for mailing the following day. It was received by the Clerk's office on March 1, 2021. None of the statutory bases for extending the statute of limitations exist here.

The statutory limitations period under § 2255(f) may be tolled for equitable reasons. *See, e.g.*, *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (applying equitable tolling to § 2255 motion); *Holland v. Florida*, 560 U.S. 631, 649 (2010), 2560 (finding same as to similar limitation period in 28 U.S.C.A. § 2244(d) for habeas petitions challenging state convictions). To warrant equitable tolling, the defendant must show two elements: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The defendant has the burden to show entitlement to equitable tolling. *Holland*, 560 U.S. at 649.

Martinez contends that the untimeliness of her filing should be excused because she was repeatedly moved among various facilities following her sentencing, some of which were on lockdown due to the COVID-19 pandemic, and some of which did not have law libraries. I find her arguments unavailing. As the government notes, she was housed in one facility for more than two and a half months prior to the deadline for filing her § 2255 motion. Moreover, the conditions of which she complains did not prevent her from filing a pro se motion

for compassionate release on June 16, 2020, well in advance of the § 2255 deadline.

Martinez has not met her burden of establishing equitable tolling. I find that she has failed to show either that she diligently pursued her rights or that extraordinary circumstances prevented her from filing her § 2255 motion within a year of when her conviction became final.

For these reasons, the United States' motion to dismiss will be granted, and Martinez' § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED:  August 11, 2021

/s/  JAMES P. JONES
United States District Judge